No. 700 July 22, 2026 701

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS LEONARD BERRY,
*Defendant-Appellant.*

Marion County Circuit Court
23CR43459; A185153

James C. Edmonds, Judge.

Submitted July 1, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel Bennett, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals from a judgment of conviction for second-degree assault, unlawful use of a weapon, and menacing. A trial court convicted him of those crimes after the victims testified that defendant attacked them with a sweatshirt that had a rock in it. Defendant contends that the trial court erred when it admitted testimony from a police officer who explained that he went to the scene after receiving a call that an assault had occurred. Because any error in admitting that testimony was harmless, we affirm.

At trial, one of the victims testified that after defendant assaulted him with a rock in a sweatshirt, he called 9-1-1 to report the attack. The other victim also testified that defendant had hit him with a rock in a sweatshirt. The responding officer then testified that he responded to "an assault that occurred at 4085 Market Street and again, that's here in Salem, Marion County, Oregon. I was informed that [the victim] had been hit by a large rock. And that him and his son were actively following the person who reportedly hit him with said rock. And that a group of people were helping detain him at 4035 Cypress Street." Defendant objected to the officer's testimony on the basis that it was hearsay. The trial court admitted it for the purpose of "identifying what [the officer's] course of action was and what his mental state was and pursuing whatever events he's going to pursue."

Defendant on appeal renews his contention that the officer's testimony was inadmissible. Even if that were correct—a question we do not reach—any error was harmless because that testimony was cumulative of other evidence. *See State v. Blaylock*, 267 Or App 455, 472, 341 P3d 758 (2014) (the erroneous admission of evidence that is "merely cumulative" of, and not "qualitatively different" than, other admitted evidence is generally harmless). Moreover, the trial court, sitting as the trier of fact, expressly stated that it was allowing the testimony for a nonhearsay purpose. We therefore presume that the trial court did not rely on it for an impermissible purpose (again assuming that the testimony was impermissible hearsay). *See State v. Carrillo*, 304 Or App 192, 203, 466 P3d 1023, *rev den*, 367 Or 220 (2020)

("We generally presume that trial courts follow their own rulings.").

Affirmed.